**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

───────────────

No. 14-2881

───────────────

UNITED STATES OF AMERICA

v.

ERIC ESPOSITO,

Appellant

───────────────

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cr-00496-013)
District Judge: Honorable Eduardo C. Robreno

───────────────

Submitted under Third Circuit LAR 34.1(a)
on October 29, 2015

Before: GREENAWAY, JR., SCIRICA and ROTH, Circuit Judges

(Opinion filed: February 11, 2016)

───────────────

OPINION*

───────────────

ROTH, Circuit Judge

───────────────

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Eric Esposito challenges the sufficiency of the evidence supporting his conviction, after a jury trial, for operating an illegal gambling business in violation of 18 U.S.C. § 1955. In the alternative, Esposito seeks a new trial, even though he failed to so move in the court below. Substantial evidence was introduced at trial from which a rational trier of fact could find Esposito guilty beyond a reasonable doubt and, absent a timely motion for a new trial, that form of relief is unavailable to him. Consequently, we will affirm the judgment of the District Court.

## I.

Esposito and his co-defendants were "made" members of the Philadelphia La Cosa Nostra crime syndicate. Esposito was indicted for operating an illegal gambling business based on his involvement in the First Ward Republican Club, a private supper club—not affiliated with the Republican Party—in South Philadelphia. Evidence at trial established that the club obtained a substantial portion of its revenue from multiple video poker machines. Customers bought credits in the machines for dollars and, if the customer had a winning poker hand, the bartender would pay the customer her winnings in cash. The machines took in more than they paid out, and the club pocketed the difference.

The video poker machines were serviced by a vendor, Curt Arbitman, who pleaded guilty to a separate charge based on his role in a larger RICO conspiracy. Arbitman testified that Esposito was introduced to him as the owner of the First Ward Republican Club and that Arbitman and Esposito split the proceeds from a variety of concessions in the club.

2

The evidence, linking Esposito to the operation of the club, was not limited to Arbitman's testimony. Inside the club, FBI agents found lists with the names and phone numbers of its key operators, with Esposito's name listed first. Cellular telephone intercepts introduced at trial included conversations in which Esposito discussed hiring and firing decisions he made for the club's bartenders, arranged for security, negotiated over other concessions, and developed business strategies and strategies to deal with unruly patrons. When the club was eventually raided by the FBI, agents intercepted a telephone call between Esposito and one of his associates in which Esposito was warned to stay away from the club and Esposito noted that he was in the process of purchasing liquor for the club.

One defense witness, Frank McGonigal, testified that he was the manager of the First Ward Republican Club and Esposito had "no official duties." This testimony was questioned, however, by other evidence indicating that, when McGonigal was on vacation, Esposito managed the day-to-day operations of the club. Moreover, Esposito was present in the club during its most profitable periods—nights and weekends—while McGonigal, the supposed manager, was present only during the slowest periods.

At trial, Esposito's counsel moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 following the government's case-in-chief. The district court denied the motion. Esposito put on a defense and called McGonigal to testify but failed to renew his Rule 29 motion after the defense's case-in-chief. The jury convicted Esposito of operating an illegal gambling business.

## II

The district court had jurisdiction over this criminal case under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the evidence in the "light most favorable to the government" to determine whether "any rational trier of fact could have found the essential elements of the offenses charged . . . [proven] beyond a reasonable doubt."[1] Since Esposito did not renew his Rule 29 motion at the conclusion of his case in chief, we review the evidence for plain error.[2] A conviction is plainly erroneous "only if the verdict constitutes a fundamental miscarriage of justice."[3]

To prove a violation of 18 U.S.C. § 1955, the government must show (1) that a gambling business "was conducted which violated the laws of the state in which it was conducted;" (2) "five or more persons including the defendant, knowingly and deliberately conducted, financed, managed, supervised, directed or owned all or part of that gambling business;" and (3) the business was "in substantially continuous operation for more than thirty days."[4] Esposito challenges only the second element, claiming that he did not knowingly and deliberately participate in the gambling business at the First Ward Republican Club.

Esposito's challenge rests entirely on McGonigal's testimony. McGonigal made clear that he believed he was the manager of the First Ward Republican Club, but McGonigal's subjective belief is of little consequence. There is ample evidence in the

---

[1] *United States v. Anderson*, 108 F.3d 478, 480 (3d Cir. 1997).
[2] *United States v. Berrios*, 676 F.3d 118, 132 (3d Cir. 2012).
[3] *United States v. Gordon*, 290 F.3d 539, 547 (3d Cir. 2002) (internal quotation marks omitted).
[4] *United States v. Conley*, 37 F.3d 970, 977 (3d Cir. 1994).

record that Esposito managed the club's personnel, arranged for the poker machines' maintenance and split proceeds with the vendor, Arbitman, and that Esposito maintained security for the club while fully aware of the illegal gambling occurring on site. In short, while a jury could have credited McGonigal's statement that Esposito was not a manager of the club, it was not plain error for the jury to credit the ample evidence showing that Esposito supervised and directed the club's operations and profited from it, even without the title of "manager." The jury's verdict does not represent a miscarriage of justice sufficient to overturn Esposito's conviction.

In the alternative, Esposito seeks a new trial pursuant to Federal Rule of Criminal Procedure 33. Esposito did not move for such relief below, foreclosing that avenue of relief. Rule 33 allows for a new trial only "[u]pon the defendant's motion."[5] Since Esposito did not make such a motion, the trial judge could not have ordered a new trial, nor may we.[6]

### III.

The jury heard ample evidence at trial as to all of the essential elements of the crime with which Esposito was charged so that a rational trier of fact could have found him guilty beyond a reasonable doubt. Esposito failed to preserve his motion for a new trial. Consequently, we will affirm the judgment of the District Court.

---

[5] FED. R. CRIM. P. 33(a).
[6] *See United States v. Wright*, 363 F.3d 237, 248 (3d Cir. 2004).